## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0541-25

MERYL IRONSON,

    Plaintiff-Appellant,

v.

CVS HEALTH CORPORATION,
CVS PHARMACY, INC, SHIRLEY
MENSAH, MAGGIE MAOL,
SURESCRIPTS, LLC, and EPIC
SYSTEMS CORPORATION,

    Defendants-Respondents.

_____

ATLANTIC HEALTH SYSTEM,

    Respondent.

_____

Submitted March 3, 2026 – Decided June 30, 2026

Before Judges Sumners, Chase and Augostini.

On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. C-012026-24.

Einhorn, Barbarito, Frost, Botwinick, Nunn & Musmanno, attorneys for appellant (Jacob S. Narva and Matheu D. Nunn, on the briefs).

Fox Rothschild, LLP, attorneys for respondent Atlantic Health System (Jacob S. Perskie, of counsel and on the brief; Christopher Oakley, on the brief).

PER CURIAM

Plaintiff Meryl Ironson appeals the Chancery Division's August 29, 2025 protective order barring her from further requesting non-party defendant Atlantic Health System to correct her medical records without court approval due to their May 16, 2025 amended consent order. We affirm.

At some point in early 2023, plaintiff discovered that the CVS Pharmacy which she patronized incorrectly listed medications[1] meant for a different customer in her electronic medical records and shared the misinformation with her healthcare providers. After unsuccessful requests to CVS to remove the incorrect medication from her records, she filed a Chancery Division complaint and order to show cause (OTSC) against defendants CVS Health Corporation,

---

[1] To protect the confidentiality of plaintiff's medical records, we do not disclose the medications mistakenly listed in her medical records.

CVS Pharmacy Inc., Shirley Mensah, and Maggie Maol[2] for false light invasion of privacy, intrusion on seclusion, defamation, defamation per se, and negligent infliction of emotional distress.

On April 30, 2024, the Chancery judge entered an order requiring CVS to "[i]mmediately remove any false or incorrect information . . . from [p]laintiff's records at CVS" and to correct such information communicated to third parties. The temporary restraints were extended on May 21 and September 23 to give CVS more time to resolve plaintiff's concerns. Plaintiff later amended her complaint in October, naming Surescripts, LLC as a defendant and adding claims for negligence and consumer fraud.

On December 10, the temporary restraints were continued against CVS, and it was "direct[ed] . . . to continue to facilitate phone calls between plaintiff and Summit Health and Atlantic Health [Systems (Atlantic Health)] to correct plaintiff's electronic medical records, as necessary, with Surescripts' participation," and stay discovery until further notice.

On March 18, 2025, after Atlantic Health did not delete the incorrect prescription entries in plaintiff's medical records, the court ordered Atlantic

_____

[2] Mensah was the pharmacy manager and Maol a staff pharmacist at the CVS pharmacy plaintiff patronized.

A-0541-25

Health to show cause "why an order should not be issued requiring [it] to delete all references to all medications incorrectly listed in its records of [p]laintiff's medical history . . . ." In response, Atlantic Health submitted an April 11 certification by its Director of Coding, Billing Compliance, and Health Information Management attesting in pertinent part that, in accordance with N.J.A.C. 8:43G-15.2(l),[3] it could only strike through incorrect medical entries but could not delete them.

On April 28, following an in-chambers conference with the parties, the Chancery judge stated on the record that the parties "reached an amicable resolution . . . as to Atlantic Health" by "agree[ing] upon . . . some language with respect to medications that were never prescribed to [plaintiff]." Plaintiff's counsel stated that he was not "withdrawing [the] request that [the incorrect medications] be deleted entirely" but based on "the understanding that th[e] request is being rejected, we are agreeing that it be fixed in this way."

Later that day, the judge issued the following consent order (April 28 order):

---

[3] N.J.A.C. 8:43G-15.2(l) provides: "Recording errors in the medical record shall be corrected by drawing a single line through the incorrect entry. The date of correction and legible signature or initials of the person correcting the error shall be included."

4

1. By consent, [Atlantic Health] shall add the following disclaimer language to all medications incorrectly listed in its records of plaintiff's medical history, including but not limited to [a specific medication], "ERROR. This medication was never prescribed." Additional disclaimer language may be added by consent as long as it is within the remaining character limit.

2. Plaintiff shall complete and furnish to [Atlantic Health] an additional Amendment Request Form to change the disclaimer language so that it applies to "all dates of service."

3. Any medical record that indicates incorrect medications were "DISCONTINUED" shall also include the disclaimer language in paragraph 1 of this [o]rder.

4. Parties shall submit a letter to the [c]ourt confirming that the disclaimer language in paragraph 1 has been successfully applied to plaintiff's medical records. Upon receipt of the letter, this matter shall be transferred to the Law Division as the remaining claims are strictly monetary.

The next day, plaintiff requested that the consent order be amended.

On May 16, the court amended the order (May 16 amended consent order) to include the provision that "[p]laintiff's request that [Atlantic Health] be ordered to delete all instances of incorrectly listed medications in its records of plaintiff's medical history, including but not limited to [a specified medication], is denied over plaintiff's objection." In addition, paragraph four was amended

A-0541-25

to read: "Any medical record that indicates incorrect medications were 'DISCONTINUED' shall delete the word 'DISCONTINUED' to the extent possible. Where not possible, such records shall also include the disclaimer language in paragraph 2 of this [o]rder." The amended consent order noted that the reasons for the order were stated on the record.

On June 9, plaintiff filed a second amended complaint adding Epic Systems Corporation as a defendant.

On June 24, at plaintiff's request, Atlantic Health provided her with a PDF version of her medical records. The next day, plaintiff's counsel emailed Atlantic Health, alleging that the records "still use the word 'discontinued,' still include a start date and end date for the medication, do not use the disclaimer, and, except for a single instance, are not struck through." Atlantic Health responded a week later, stating that plaintiff's demand that "discontinued" be removed from the records was contrary to the consent order, which only required deletion of "'to the extent possible.'" Atlantic Health explained that it could not "uniformly delete the word discontinued" but it referenced the consent order's disclaimer language as required by the order. As to "the records continu[ing] to show a 'start and end date for the medication,'" Atlantic Health said the order did not require it to eliminate this information.

6

A-0541-25

On July 14, plaintiff, still claiming Atlantic Health was not complying with the May 16 amended consent order, wrote to the Chancery judge arguing that "the key matter remains that . . . has never [been] concluded, with findings and a statement of reasons, that [Atlantic Health] . . . cannot—as a matter of law and/or as a matter of logistics—delete the incorrect information from [p]laintiff's records." Plaintiff alleged that the judge wrongly relied on representations by Atlantic Health's counsel and requested that plaintiff "be provided the opportunity to create a comprehensive record inclusive of briefing and a hearing as to whether it is possible, as a logistical matter, whether the [incorrect medication] information can be deleted."

Two days later, Atlantic Health moved for "a protective order under Rule 4:10-3 that [p]laintiff make no further requests of [Atlantic Health] regarding her medical records without leave of [c]ourt." Plaintiff opposed, arguing the motion was improper under the rule, as "[Atlantic Health] . . . failed to suggest any good cause for its requested relief," and that it failed to comply with the May 16 amended consent order.

On August 29, the Chancery judge issued a protective order with an attached statement of reasons granting Atlantic Health's motion and transferred

A-0541-25

the case to the Law Division.[4] The judge rejected plaintiff's contention that a protective order under Rule 4:10-3 was inappropriate. The judge determined that the rule authorizing issuance of a protective order is "governed by the context of the request." Relying on Atlantic Health's certifications, the judge found that "[n]o further solutions are available" as Atlantic Health "complied with the [April 28 and May 16 consent orders]," and that "[t]he bottom line is that Atlantic Health cannot erase plaintiff's medical records; they can only correct them with a combination of strikethroughs and notations explaining the error. That solution was agreed to by the parties and complies with N.J.A.C. 8:43G-15.2[(l)]."

Before us, plaintiff argues that the Chancery judge erred in entering the August 29 protective order because she improperly applied N.J.A.C. 8:43G-15.2(l) and wrongly relied on Atlantic Health's certifications in finding that Atlantic Health complied with the May 16 amended consent order. There is no merit to the argument.

The August 29 protective order barred plaintiff from requesting that Atlantic Health make any further changes to her medical records to delete

---

[4] The order also granted Epic's motion to dismiss and granted plaintiff's motion to file a third amended complaint. These decisions are not appealed.

mistakenly included medication without court permission.  The order was based on the judge's determination that Atlantic Health complied with the May 16 amended consent order detailing the process to modify plaintiff's records.  The consent order was entered pursuant to Rule 4:42-1(d), which allows courts to

> enter a consent judgment or order without the signatures of all counsel of record . . . who have filed a responsive pleading or who have otherwise entered an appearance in the action, provided the form of judgment or order contains the recital that all parties have in fact consented to the entry of the judgment or order in the form submitted.

A consent order is tantamount to a contract between the parties to the action. See Cmty. Realty Mgmt., Inc., v. Harris, 155 N.J. 212, 226 (1998) (relying on Stonehurst at Freehold v. Twp. Comm. of Freehold, 139 N.J. Super. 311, 313 (Law Div. 1976) for the proposition that a consent judgment is "an agreement of the parties under the sanction of the court as to what the decision shall be"). Because it is "'consented to by the attorneys for each party'" a consent order is "'not appealable.'"  New Jersey Schools Const. Corp. v. Lopez, 412 N.J. Super. 298, 308 (App. Div. 2010) (quoting Winberry v. Salisbury, 5 N.J. 240, 255 (1950)).  "This is because the rule allowing an appeal as of right from a final judgment contemplates a judgment entered involuntarily against the losing party."  Id. at 308-09; see also Janicky v. Point Bay Fuel, Inc., 410 N.J. Super.

9

203, 207 (App. Div. 2009) (denying appeal of a consent judgment in part because the order contained no provision allowing appeal of the judgment); cf. Lopez, 412 N.J. Super. at 310 (finding a consent judgment appealable even though it did not "expressly provide that the judgment would be vacated" because it was implicit in the order and plaintiff explicitly reserved the right to appeal the court's evidentiary rulings in the order).

Plaintiff's appeal focuses on challenging the Chancery judge's finding that Atlantic Health had complied with the May 16 amended consent order and transferred the case to the Law Division. Specifically, she maintains the judge should have decided whether technological limits[5] or N.J.A.C. 8:43G-15.2(l) prohibits Atlantic Health from fully deleting the incorrect medication from her medical records. However, as Atlantic Health notes, the consent order addressed these exact issues. The OTSC entered at plaintiff's request required Atlantic Health to show why it should not be required to "delete all references to all medications incorrectly listed" in plaintiff's medical records and to "explain to the court any legal basis for its refusal to remove the incorrect medication." On the day the April 28 consent order was entered, the court stated on the record that an agreement had been reached to address the incorrect medications in

---

[5] The records are stored electronically.

plaintiff's medical records and plaintiff "agree[d] that [the errors] be fixed" according to the terms of the April 28 order. Moreover, the consent order was amended on May 16, to address her additional concerns. This leads us to conclude that plaintiff cannot appeal the May 16 amended consent order because she did not reserve her right to do so and it was not implicit in the order.

As to plaintiff's contentions that the protective order should be vacated because of Atlantic Health's non-compliance with N.J.A.C. 8:43G-15.2(l) and the May 16 amended consent order, we also conclude they lack merit. The crux of the Chancery judge's reasoning for granting the protective order is her finding that Atlantic Health "ha[d] complied with the [consent orders]." Therefore, plaintiff's arguments that the court improperly relied on N.J.A.C. 8:43G-15.2(l) and had insufficient evidence to find that Atlantic Health was technologically incapable of completely deleting incorrect information are irrelevant to this appeal. The only issue is whether the judge abused her discretion in finding that Atlantic Health had complied with the May 16 amended consent order. See Cap. Health Sys., Inc., v. Horizon Healthcare Servs., 230 N.J. 73, 79–80 (2017) (recognizing that appellate review generally defers to a trial judge's decision on a motion for a protective order under Rule 4:10-3 "absent an abuse of discretion

or a judge's misunderstanding or misapplication of the law.") We discern no such abuse.

In fact, plaintiff makes no argument that the judge abused her discretion in granting the protective order. Besides concluding in her merit's briefs that the protective order "will cause significant injury" to her, plaintiff has not explained why. Importantly, the matter was not dismissed but rather was transferred to the Law Division to determine damages.

As to Atlantic Health's compliance with the May 16 amended consent order, plaintiff can continue to make requests for changes to her medical record: she only needs to seek leave from the court prior to doing so. Moreover, considering our deference to a trial judge's fact-finding, Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015), and discovery rulings, DiFiore v. Pezic, 254 N.J. 212, 228 (2023), there is no evidence the judge abused her discretion in finding that Atlantic Health had complied with the May 16 amended consent order.

Finally, we do not address plaintiff's contentions that N.J.A.C. 8:43G-15.2(l) allows for the deletion of her incorrect medications in her medical records because that was not a basis of the Chancery judge's determination that the regulation prevents Atlantic Health from completely deleting the incorrect

A-0541-25

medication entries.  To determine that issue would be an advisory opinion, which we do provide.  See G.H. v. Twp. of Galloway, 199 N.J. 135, 136 (2009) (declining to consider hypothetical questions because courts "cannot answer abstract questions or give advisory opinions"); Indep. Realty Co. v. Twp. of N. Bergen, 376 N.J. Super. 295, 301 (App. Div. 2005) (noting "it is well settled that [courts] will not render advisory opinions or function in the abstract").

To the extent that we have not addressed any of plaintiff's contentions, it is because they lack sufficient merit to be discussed in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13

A-0541-25